## BUTTERFIELD v TAYLOR

Ohio Appeals, 1st Dist, Hamilton Co

No 4762.   Decided April 1, 1935

**588**

David H. Stevenson, Village Solicitor, Loveland, and Louis J. Schneider, Prosecuting Attorney, Cincinnati, and Edward Strasser, Asst. County Prosecutor, Cincinnati, for plaintiff in error.

, Eugene Adler, Cincinnati, and Henry L. Kelsh, Cincinnati, for defendant in error.

## OPINION

By MATTHEWS, J.

By §13451-8a, GC, it is enacted that:

"Where any court is empowered or required to impose sentence of fine for any misdemeanor forbidden by statute or ordinance, such court may, in its discretion; direct the time and manner of payment of such fine, which time shall in no case exceed one year from the date of sentence."

We are of opinion that this section specifically confers power upon the mayor to direct the time and manner of payment of fines imposed by him.

It is urged that §13451-8, GC, governs and that by it the mayor was required, upon imposing a conditional sentence, to commit the defendant to the custody of an officer until the sentence was complied with, which was not done in this case. That section reads:

"When any person shall be convicted of a misdemeanor punishable either by fine or imprisonment, or both, the court may award against such offender a conditional sentence, and order him to pay a fine with or without the cost of prosecution within a limited time to be expressed in the sentence, and in default thereof, to suffer such imprisonment as is provided by law and awarded by the court. The court may also place such an offender on probation, with the condition that he pay a fine and costs or either of them, as the case may be, in installments within a limited time, and may, in case of the default in any of such payments, impose such sentence as is provided by law.

"The person against whom such conditional sentence shall be awarded, shall be forthwith committed to the custody of an officer of the court, until such sentence be complied with; and if he shall not pay the fine within the time limited he shall be committed to the county jail, and it is hereby made the duty of the sheriff in such case. to execute the sentence according to the terms thereof."

It will be observed that this section refers to offenses punishable by **fine or imprisonment,** and under it the court may provide that upon failure of the defendant to comply with the conditions as to payment of the fine, a different and greater punishment may be exacted, limited only by the law and not at all by the fine which the defendant failed to pay.

The two sections do not conflict, but are applicable to different situations. The case before the mayor did not present a situation requiring the application of §13451-8 GC, but did present a situation authorizing the exercise of the power conferred by §13451-8a, GC. No conditional sentence was imposed. It was an unconditional sentence to pay a fine. The law did not provide imprisonment as a punishment for this offense, and imprisonment could only result from failure to pay the fine, and could be terminated at any time by its payment.

Even though §13451-8, GC, were applicable, we are of the opinion that failure to commit the defendant to the custody of an officer during the period of indulgence granted would be no more than an irregularity or error, having no effect upon the jurisdiction of the court to compel the legal execution of the sentence.

And, had the court acted entirely beyond its jurisdiction in suspending the sentence, it would be the order of suspension—not the sentence—that would be void. This was held in **Municipal Court v State ex Platter, 126 Oh St, 103,** the applicable syllabus of which is:

"Where a court has suspended execution of a sentence without lawful authority so to do, its order of suspension may be treated as a nullity and void and the original sentence carried into execution even after the term in which the order suspending the execution of sentence was made. A court does not lose jurisdiction to enforce a sentence in a criminal case by an unauthorized attempt to suspend it."

For these reasons, the judgment is reversed and the cause remanded with instructions to dismiss the petition, and remand the prisoner to the custody from whence she came.

ROSS, PJ, and HAMILTON, J, concur.